**Enrique CORTEZ–RUBIO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70823.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 30, 2008.

Enrique Cortez-Rubio, pro se.

W. Manning Evans, Ronald E. LeFevre, Office of the District Counsel, Department

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: REINHARDT, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Enrique Cortez–Rubio, a native and citizen of Mexico, petitions pro se for review of a Final Administrative Removal Order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Singh v. Gonzales,* 491 F.3d 1090, 1095 (9th Cir.2007), and we deny in part and dismiss in part the petition for review.

To remove an alien administratively, the government must show that (1) the alien has been convicted of an aggravated felony, and (2) that he is not a United States citizen, national, or lawful permanent resident. *See* 8 U.S.C. § 1228(b); 8 C.F.R. § 238.1(b)(1). Cortez–Rubio fails to contend that his 1994 conviction for delivery of cocaine in violation of Wash. Rev.Code § 69.50.401(a) is not an aggravated felony, and the record contains no evidence that Cortez–Rubio is a United States citizen or national or that he held lawful permanent resident status. Accordingly, the government met the requirements of 8 U.S.C. § 1228(b).

We lack jurisdiction to review Cortez–Rubio's contentions regarding the agency's denial of his temporary resident status because there is no indication before us that he exhausted his administrative remedies before the former Legalization Appeals Unit ("LAU"). *See Barron v. Ashcroft* 358 F.3d 674, 678 (9th Cir.2004); *see also* 8 U.S.C. § 1255a(f).

As only the February 3, 2006 Final Administrative Removal Order is the subject of this petition for review, we lack jurisdiction to consider Cortez–Rubio's contentions about his prior hearings before the agency. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**