**Erica FUENTES–ROJAS, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72253.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 14, 2008.

Erica Fuentes-Rojas, pro se.

District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Assistant Director, Lance Lomond Jolley, Esquire, Trial, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA")

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

denial of an untimely motion to reopen a previous denial of an application for asylum, withholding of removal, and protection under the Convention Against Torture.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in denying petitioner's motion to reopen because it was filed beyond the 90–day deadline, and petitioner failed to demonstrate that an exception to the time limit on motions to reopen applies. Petitioner's allegation of ineffective assistance of counsel as a basis for equitable tolling is without merit. *See Singh v. Gonzales,* 491 F.3d 1090 (9th Cir.2007); *Iturribarria v. INS,* 321 F.3d 889 (9th Cir.2003).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

**PETITION FOR REVIEW DENIED.**