MEMORANDUM **
Kanwarjit Singh appeals the Board of Immigration’s (“the Board”) decision affirming the Immigration Judge’s (“the IJ”) decision that denied Mr. Singh’s request for asylum or relief under the Convention Against Torture (“CAT”). The parties are familiar with the facts and arguments in this case and we do not need to recite them in this memorandum.
The Board’s decision that an applicant has not established eligibility for asylum “must be upheld if it is supported by reasonable, substantial and probative evidence from the record.” Kumar v. Gonzales, 444 F.3d 1043, 1048 (9th Cir.2006). The same standard is used to review the Board’s decision that an applicant has not met the higher burden required for withholding of removal and that an applicant is not eligible for relief under the CAT. Id. We review due process claims de novo. Singh v. Gonzales, 491 F.3d 1090, 1095 (9th Cir. 2007).
We conclude the Board’s determination that the Petitioner did not have an objective well-founded fear of future persecution is supported by substantial evidence in the record. Because Mr. Singh does not meet the eligibility requirements for asylum, he does not meet the requirements for withholding of removal either. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Additionally, we conclude the evidence in the record does not compel a finding that it is more likely than not that the Petitioner would be tortured if returned to India. Thus, he is not entitled to CAT relief. See Malhi v. I.N.S., 336 F.3d 989, 993 (9th Cir.2003).
*80 Finally, we conclude the IJ did not prevent Mr. Singh , from having a reasonable opportunity to present evidence. Mr. Singh cannot show prejudice as a result of the early termination of his counsel’s closing arguments.
PETITION DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.