Felix GRANADOS–MARTINEZ,
Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 08–71795.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.*

Filed July 27, 2009.

Joubin Nasseri, Nasseri Law Group, Los Angeles, CA, for Petitioner.

Juria L. Jones, OIL, Blair O'Connor, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Felix Granados–Martinez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' or-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

der denying appeal from an immigration judge's order denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

■ The agency acted within its discretion in denying Granados–Martinez's motion to reopen as untimely because it was filed more than eleven years after he was ordered deported in absentia, *see* 8 U.S.C. § 1229a(b)(5)(C)(i), and Granados–Martinez failed to establish grounds for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error," as long as the petitioner acted with due diligence); *see also Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir.2007) (no due diligence where petitioner waited six months after he became suspicious of counsel's fraud to consult with new counsel).

■ Contrary to Granados–Martinez's contention, the agency considered the new evidence with regard to changed country conditions submitted with Granados–Martinez's motion and acted within its broad discretion in determining that it was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**