**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 18 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUGENE PE BENITO SUPNET, | No. 05-75680 |
| Petitioner, | Agency No. A038-560-177 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

| | |
|---|---|
| EUGENE PE BENITO SUPNET, | No. 07-72077 |
| Petitioner, | Agency No. A038-560-177 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 7, 2009[]
Pasadena, California

Before: HALL, W. FLETCHER and CLIFTON, Circuit Judges.

Eugene Supnet, native and citizen of the Philippines, petitions for review of two orders from the Board of Immigration Appeals (BIA). Supnet has been a legal resident alien since 1984 but now faces two removability counts as a result of several criminal convictions. Supnet has two unrelated convictions for reckless driving while evading an officer, under California Vehicle Code § 2800.2. The immigration judge (IJ) found that those qualified as two convictions of "crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct," making Supnet removable under 8 U.S.C. § 1227(a)(2)(A)(ii). In addition, Supnet has a conviction under California Penal Code § 273a(b) which is perhaps best characterized as misdemeanor child endangerment. The IJ found this qualified Supnet for removal under 8 U.S.C. § 1227(a)(2)(E)(i) which includes crimes of "child abuse, child neglect, and child abandonment." The IJ also denied cancellation of removal as a matter of discretion. Supnet appealed the IJ's decision to deny cancellation. The BIA adopted and affirmed the IJ's decisions citing

---

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Matter of Burbano*. Supnet petitioned this court for review of that order, making a challenge of unconstitutional vagueness to the child endangerment removability count and a statutory interpretation challenge to the "crimes involving moral turpitude" count.

Almost a year and half after the BIA adopted and affirmed the IJ's decision, Supnet filed a motion to reopen with the BIA, challenging his removability on multiple grounds and alleging ineffective assistance of counsel. The BIA denied this motion as untimely and found that equitable tolling was inapplicable. Supnet petitioned this court for review of that order as well, making the same arguments as presented in the motion to reopen and a new one that he is entitled to relief under INA § 212(h)(1)(B), codified at 8 U.S.C. § 1182(h)(1)(B).

**First petition for review:**

We lack jurisdiction to consider two of Supnet's claims because he failed to exhaust them before the BIA. 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). This jurisdictional bar applies to Supnet's claim that reckless driving while evading a police officer is not a "crime involving moral turpitude" for purposes of removability under 8 U.S.C. § 1227(a)(2)(A)(ii). Lack of exhaustion also precludes our jurisdiction to hear Supnet's claim for relief under § 212(h). Supnet raised neither of these claims in his appeal to the BIA and

3

did not raise the § 212(h) claim even in his motion to reopen. Under the circumstances of this case, these claims are insufficiently exhausted.

We also lack jurisdiction to consider Supnet's claim that he is entitled to cancellation of removal because that relief was denied by the BIA as a matter of discretion. 8 U.S.C. § 1229b(b)(1)(D); *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir. 2005).

**Second petition for review:**

The BIA acted within its discretion in denying Supnet's motion to reopen as untimely because it was not filed within 90 days of the BIA's final decision on Supnet's appeal, 8 C.F.R. § 1003.2(c)(2), and Supnet failed to establish that he acted with the due diligence required for equitable tolling, *see Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007).

We do not reach Supnet's claims regarding his removability count under 8 U.S.C. § 1227(a)(2)(E)(i) because the other count (for "crimes involving moral turpitude") independently establishes Supnet's removability.

Petitions for review **DENIED**.