**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMON ASTORGA SALAZAR; MARIA DEL CARMEN ASTORGA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-72083 <br><br> Agency Nos. A075-753-504 <br> A075-753-505 <br><br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Ramon Astorga Salazar and his wife, Maria Del Carmen Astorga, natives

and citizens of Mexico, petition pro se for review of an order of the Board of

Immigration Appeals ("BIA") denying their motion to reopen removal

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review petitioners' contention that they demonstrated eligibility for relief under the Convention Against Torture because they failed to raise that issue before the BIA and thereby failed to exhaust their administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (the court lacks jurisdiction to review contentions not raised before the agency).

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed over eleven months after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal), and petitioners did not show that any regulatory exception to the time limitation applied, *see* 8 C.F.R. § 1003.2(c)(3), or that they were entitled to equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**