**Jose Ricardo PEREZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–73070.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2010.*

Filed Jan. 21, 2010.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Stephen Glaser, Esquire, Reyna M. Tanner, Esquire, Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioner.

OIL, Janice Kay Redfern, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TROTT, and BYBEE, Circuit Judges.

### MEMORANDUM **

Jose Ricardo Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo claims of constitutional violations in immigration proceedings, *Singh v. Gonzales*, 491 F.3d 1090, 1095 (9th Cir.2007), and we deny in part and dismiss in part the petition for review.

The BIA acted within its discretion in denying as untimely Perez's motion to reopen because it was filed more than four years after the BIA's final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Perez did not show that he acted with the due

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diligence required for equitable tolling, *see Singh,* 491 F.3d at 1096–97. The denial of Perez's motion to reopen did not violate due process. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

■ We lack jurisdiction to review the BIA's December 20, 2002, order denying Perez's motion to remand because he failed to timely petition for review of that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

■ We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

Perez's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**