NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERONICA ROLDAN-MADRIGAL, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 05-74250 Agency No. A079-538-070 MEMORANDUM[*] |
| VERONICA ROLDAN-MADRIGAL, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-74304 Agency No. A079-538-070 |
| VERONICA ROLDAN-MADRIGAL, Petitioner, v. | No. 09-71016 Agency No. A079-538-070 |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 16, 2010
San Francisco, California

Before: RIPPLE, Senior Circuit Judge,[**] RYMER and FISHER, Circuit Judges.


Veronica Roldan-Madrigal (Madrigal), a native and citizen of Mexico, petitions for review of three separate decisions of the Board of Immigration Appeals (BIA): (1) an order summarily affirming the decision of an immigration judge (IJ) denying Madrigal's application for cancellation of removal [No. 05-74250], (2) an order denying Madrigal's motion to reopen proceedings [No. 08-74304], and (3) an order denying Madrigal's motion to reconsider the refusal to reopen [No. 09-71016].


I

*No. 05-74250*

---

[**]     The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

We dismiss the petition for review of the IJ's denial of Madrigal's application for cancellation of removal for lack of jurisdiction. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) (no jurisdiction "to review the IJ's subjective, discretionary determination that" an application fails to demonstrate "'exceptional and extremely unusual hardship' under 8 U.S.C. § 1229b(b)(1)(D)"). Although we retain jurisdiction over constitutional or legal claims, *id*. at 929-30, Madrigal raised no such grounds before the BIA in the proceedings underlying this petition.

II

*No. 08-74304*

Madrigal moved to reopen on the ground that she received ineffective assistance from her first attorney, Alexander Lubarsky. The BIA's disposition can be read as saying that Madrigal did not pursue her claim diligently before she consulted current counsel, or after she did, or for the entire period. We cannot tell which the Board meant, and regardless, cannot tell the basis upon which it reached a definitive conclusion.

In denying Madrigal's motion to reopen, the BIA concluded Madrigal "fails to show that she acted with diligence such that the Board should toll the motions

3

deadline." For this it cited *Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007); *Singh v. Gonzales*, 491 F.3d 1090, 1095-96 (9th Cir. 2007); *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007); and the government's opposition to Madrigal's motion to reopen. The cites to *Ghahremani* and *Singh* suggest that the BIA may have believed Madrigal was not diligent in learning about Lubarksy's defectiveness prior to retaining her current counsel, Bernadette Connolly, as this was the determinative inquiry in those cases. On the other hand, the cite to the government's opposition suggests it may have believed she failed to demonstrate diligence for the whole time between 2005 and 2008. No support in the record was noted for either possibility.

The BIA then stated that Connolly "has represented [Madrigal] since, at the latest, October 17, 2007," and that Madrigal's "motion to reopen was filed more than 90 days, indeed almost 10 months later" – which suggests that it may have believed that even if Madrigal were diligent prior to October 17, 2007, she wasn't thereafter. There is no dispute that Madrigal had consulted Connolly by October 17, 2007, but to the extent the BIA intended to peg its diligence finding to the post-October 17 period, it pointed to nothing in the record that indicated when (or if) Madrigal definitively learned of Lubarsky's shortcomings, and when (or if) she

4

obtained the vital information bearing on the existence of an ineffective assistance claim. *See Ghahremani*, 498 F.3d at 999. In particular, two questions occur:

First, at what point in time did Madrigal, and/or new counsel, have sufficient information to pursue allegations of inadequate counsel under *Lozada*. *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). And second, how does access (or lack of access) to Lubarsky's case file factor into the analysis? *See Iturribarria v. INS*, 321 F.3d 889, 893, 899 (9th Cir. 2003) (concluding "the ninety-day limitation period provided by [8 C.F.R. § 1003.2] did not begin running until . . . the day Mr. Iturribarria met with his new counsel *to discuss his file*" where Iturribarria's motion to reopen contended he "did not become aware of the deception until after his present counsel *reviewed his file with him*" (emphasis added)).

We believe it is important to have the BIA's reasoned views on these issues, and necessary for meaningful judicial review to have the benefit of its specific findings. Accordingly, we grant the petition from denial of the motion to reopen, and remand for further proceedings consistent with this disposition.

III

*No. 09-71016*

5

Madrigal's petition for review of the BIA's denial of her motion to reconsider is dismissed as moot.

DISMISS PETITION [No. 05-74250]; GRANT PETITION AND REMAND [No. 08-74304]; DISMISS PETITION [No. 09-71016].

The parties shall bear their own costs on appeal.

6