**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HARDEEP SINGH,
                *Petitioner-Appellant,*

v.

ALBERTO R. GONZALES, Attorney
General,
                *Respondent-Appellee.*

No. 05-55933

D.C. No.
CV-04-05890-DSF

OPINION

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted
February 14, 2007—San Francisco, California

Filed June 25, 2007

Before: J. Clifford Wallace, Dorothy W. Nelson, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge D.W. Nelson;
Concurrence by Judge Wallace

## COUNSEL

Esperanza V. Bada, Law Offices of Esperanza V. Bada, La Puente, California, for the petitioner.

Gene C. Arai, Law Offices of Esperanza V. Bada, La Puente, California, for the petitioner.

Debra Wong Yang, United States Attorney, Los Angeles, California, for the respondent.

Leon M. Weidman, Chief Assistant United States Attorney, Los Angeles, California, for the respondent.

Gwendolyn M. Gamble, Assistant United States Attorney, Los Angeles, California, for the respondent.

---

**OPINION**

D. W. NELSON, Senior Circuit Judge:

Hardeep Singh ("Singh"), a native and citizen of India, petitions for review the district court's denial of his petition for writ of habeas corpus. We deny the petition for review because the motion to reopen was untimely and Singh was not entitled to equitable tolling because of his lack of due diligence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Singh entered the United States on or about March 13, 1998 as an inadmissible alien without a valid visa. The Immigration and Naturalization Service (INS) charged Singh with being removable under 8 U.S.C. § 1227(a)(1)(A) as an alien who lacked a valid entry document. On June 15, 1998, Singh filed an application for asylum and withholding of removal, alleging past persecution on account of his Sikh religion and unfounded suspicions by the Indian police that he was connected with a known terrorist, Rham Singh ("Rham").

At his merits hearing on November 20, 1998, Singh was represented by Viney Gupta ("Gupta"), who claimed that he

"came on this case" a week prior to the hearing. Gupta requested a continuance to obtain supporting documents for the asylum application. The Immigration Judge ("IJ") admonished Gupta for being unprepared for the hearing, but nevertheless granted the continuance to April 16, 1999. At the April hearing, Gupta submitted supporting documents with incomplete translations that lacked authentication. The IJ refused to admit the documents. After the testimony of Singh and his cousin Gursharan Kaur, the IJ continued the hearing to July 15, 1999 for translation and authentication of the documents submitted to support the asylum application. At the July hearing, Gupta again failed to produce authenticated documents. The IJ denied Singh's application for asylum and withholding of removal concluding that Singh was not credible and that he had failed to show past persecution.

On March 28, 2003, the BIA affirmed the IJ's decision without opinion. Gupta told Singh that his appeal had been denied and that "he was going to file an appeal of the denial." On April 9, 2003, Singh, through his former counsel Gupta, filed a petition for review and a motion to stay with this Court, in which he contended that the BIA overlooked "the fact that petitioner is not deportable under new relief through his attached receipt for labor certification application as an interstate truck driver which was timely filed while INA 245(i) was in effect."

On September 30, 2003, Singh consulted with new counsel for the purpose of filing a motion to reopen on the basis of ineffective assistance of counsel. On November 17, 2003, Singh filed a motion to reopen through his current counsel.[1] In an affidavit submitted with his motion to reopen, Singh stated:

---

[1]Although Singh was now represented by new counsel (Singh's current counsel), no notice of change of counsel of record was filed with this court.

> A few weeks [after the BIA's decision], I talked to my relatives and they told me that I should get another attorney because they think that Mr. Gupta was not doing his job. I consulted with my present lawyer on September 30, 2003 and she agreed to take over my case.

On April 20, 2004, this Court dismissed the petition for review filed by his former counsel for failure to file an opening brief, which was due on November 17, 2003.

On May 18, 2004, the BIA denied the motion to reopen because it was filed more than 90 days after the BIA decision of March 28, 2003. The BIA determined:

> We acknowledge that the Ninth Circuit Court of Appeals has applied the principles of equitable tolling to excuse the lateness of filings . . . . However, an individual seeking to rely upon 'equitable tolling' of a filing deadline must show that he has acted with due diligence. *See Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003). The respondent states that he discovered prior counsel had provided ineffective assistance 'a few weeks' after our March 28, 2003, decision . . . . However, he did not consult current counsel for months, until September 30, 2003. . . . Such delay does not evidence due diligence.

The BIA thus denied Singh's motion to reopen because he did not exercise due diligence after becoming suspicious of his lawyer's fraud.

On July 20, 2004, Singh filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, challenging on due process grounds, the denial of his motion to reopen. On April 18, 2005, the district court held that it lacked jurisdiction to consider the habeas petition because Singh had not exhausted the available judi-

cial remedies. In particular, the court found that Singh had not filed a petition for review of the BIA's denial of his motion to reopen with this Court.

On June 17, 2005, Singh appealed from the district court's denial of the habeas petition, claiming: (1) the filing of the motion to reopen beyond the 90-day period was excusable under the equitable tolling doctrine; and (2) he was denied due process because of Gupta's ineffective assistance.

## II.   JURISDICTION

This case presents the issue of the scope of our jurisdiction under the REAL ID Act, Pub. L. No. 109-13, § 106(a), 109 Stat. 231 (2005) (RIDA). The issue is whether we can consider Singh's appeal of the district court's denial of his habeas petition filed after the enactment of the REAL ID Act as a timely petition for review. We conclude that we can.

**[1]** Congress determined that habeas petitions filed under 28 U.S.C. § 2241 challenging final orders of removal that were pending in the district court at the time of enactment were to be transferred to the court of appeals and converted into timely petitions for review. Pub. L. 109-13, § 106(c), 119 Stat. 231, 311. In addition, while the Act did not address this particular issue, we have held that appeals from denials of habeas petitions pending upon enactment of the REAL ID Act will in most cases be treated as timely petitions for review. *See Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1053 n.3 (9th Cir. 2005).

**[2]** We have not addressed how to treat appeals of habeas petitions filed after enactment of the Act but within the sixty-day limitations period for filing the appeal under Federal Rules of Appellate Procedure 4(a)(1)(B). On April 18, 2005, the district court denied Singh's habeas petition for failure to exhaust judicial remedies. At the time of the denial of his habeas petition, Singh had sixty days to appeal. He filed a

notice of appeal of the habeas petition on June 17, 2005, within this sixty-day period. In the period between the district court's denial of Singh's habeas petition and his filing of an appeal, Congress enacted the REAL ID Act on May 11, 2005. The transfer provision in RIDA states:

> TRANSFER OF CASES — If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is *pending in a district court* on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply.

Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (2005) (emphasis added). The first question is whether Singh's habeas petition was "pending" in the district court on the date of the enactment of RIDA. RIDA does not define what it means for a case to be "pending" in the district court. The Supreme Court has interpreted "pending" for purposes of the federal Antiterrorism and Effective Death Penalty Act of 1996 to "cover the time between a lower state court's decision and the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214, 217 (2002). This interpretation is supported by the principle that it is upon the filing of a notice of appeal that "jurisdiction over the matter being appealed normally transfers from the district court to the appeals

court." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

**[3]** We hold that a habeas petition is "pending" in the district court within the meaning of RIDA's transfer provision when the notice of appeal was not filed at the time RIDA was enacted, but was filed within the sixty day limitations period for filing a timely appeal of a habeas petition under Federal Rules of Appellate Procedure 4(a)(1)(B).

**[4]** This, however, does not end the jurisdictional inquiry. We must also address Singh's claim that he was entitled to equitable tolling because ineffective assistance of counsel falls within the scope of the RIDA's transfer provision. Under RIDA's transfer provision, only cases that "challeng[e] a final administrative order of removal" may be transferred to this Court. As Singh stated in his motion to reopen, the basis of his motion was the ineffective assistance of counsel that occurred *during* the administrative proceedings. It is thus clear that Singh's motion to reopen is a challenge to the final order of removal. Accordingly, Singh's habeas petition falls within the scope of RIDA's transfer provision, and we construe the habeas petition as a timely filed petition for review. *See Alvarez-Barajas*, 418 F.3d at 1053. This changes the decision we review, and we now review the BIA's decision, not the district court order. *Id.*

**[5]** In *Fernandez v. Gonzales*, we explained that this Court lacks jurisdiction over the BIA's "denial of a motion to reopen that pertains only to the merits basis for a previously-made discretionary determination under [8 U.S.C. § 1252(a)(2)(B)(i)]." 439 F.3d 592, 603 (9th Cir. 2006). Here, we have jurisdiction over the BIA's denial of Singh's motion to reopen because the proceedings below did not involve any

of the enumerated provisions in § 1252(a)(2)(B)(I). *See Ray v. Gonzales*, 439 F.3d 582, 588-90 (9th Cir. 2006) (exercising jurisdiction and finding that the petitioner was entitled to equitable tolling of the deadlines and numerical restrictions for the motion to reopen because he acted with appropriate diligence in discovering the deficient representation); *Iturribarria v. INS*, 321 F.3d 889, 897-99 (9th Cir. 2003) (exercising jurisdiction over a claim of entitlement to equitable tolling and the particular issue of due diligence).

**[6]** We therefore conclude that we have jurisdiction over Singh's habeas petition because it was a challenge to an order of removal "pending" in the district court at the time of enactment of the REAL ID Act and therefore falls within the scope of RIDA's transfer provision.

## III.   STANDARD OF REVIEW

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Nath v. Gonzales*, 467 F.3d 1185, 1187 (9th Cir. 2006). We review purely legal questions, such as due process claims, de novo. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003).

## IV.   DISCUSSION

**[7]** Singh contends that the BIA erred in denying his motion to reopen for untimeliness. In general, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). However, equitable tolling of the time limit for a motion to reopen is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria*, 321 F.3d at 897. In our en banc decision in *Socop-Gonzales v. INS*, we held that equitable tolling applies where "despite all due diligence, the party invoking equitable

tolling is unable to obtain vital information bearing on the existence of the claim." 272 F.3d 1176, 1193 (9th Cir. 2001); *see also Albillo-DeLeon v. Gonzales*, 410 F.3d 1090, 1099-1100 (9th Cir. 2005). "The party's ignorance of the necessary information must have been caused by circumstances beyond the party's control." *Valeriano v. Gonzales*, 474 F.3d 669, 673 (9th Cir. 2007) (quotation marks and citation omitted).

In this case, the final order of removal was entered on March 28, 2003, but the motion to reopen was not filed until November 17, 2003. Thus, the motion to reopen was filed after the 90-day limitations period. Singh contends that he is entitled to equitable tolling because of his former counsel's ineffective assistance.

**[8]** We have held that the limitations period is tolled until the petitioner "definitively learns" of counsel's fraud. *Albillo-DeLeon*, 410 F.3d at 1100. Singh admits that he became suspicious of the possibility that Gupta was providing ineffective assistance of counsel when he spoke with his relatives a few weeks after the entry of the final order of removal. The government contends that he had ninety days from this point to file a motion to reopen and as a result of his failure to do so, his motion was untimely.

**[9]** This is not what the BIA decided and we decline to adopt the government's position. The BIA did not deny Singh's motion to reopen on the basis that the filing deadline was equitably tolled only up to the time that Singh spoke with his relatives. Rather, the BIA declined to grant Singh's motion to reopen because he failed to exercise due diligence after he spoke with his relatives and became suspicious of his lawyer's fraud. Singh's suspicion of the deficient representation does not constitute definitive knowledge of the alleged fraud. He became suspicious when family members told him that he should get another attorney because they thought he was not doing his job. These statements from family members lack the "vital information bearing on the existence of a

claim" of ineffective assistance of counsel. *Id.* (concluding that the point at which Albillo-DeLeon became concerned with his attorney's performance was not the same as the point at which he definitively learned of his attorney's fraud). It was not until Singh consulted with his present counsel on September 30, 2003 that he presumably obtained the vital information bearing on the existence of the ineffective assistance of counsel claim. Thus, if Singh acted with due diligence in definitively learning of the fraud, then he should be entitled to equitable tolling.

**[10]** The more difficult question is whether Singh acted with due diligence to definitively learn of the fraud after he became suspicious of the fraud. As discussed above, he became suspicious of the fraud a "few weeks" after the March 28, 2003 BIA ruling, but there is no evidence in the record of any actions taken by Singh until September 30, 2003, when he consulted with his present counsel. This inaction contrasts sharply with cases in which we have concluded that the petitioner acted with due diligence. *See id.* at 1094 (the petitioner filed a Freedom of Information Act request for his case file immediately after becoming concerned about his counsel's performance); *Iturribarria*, 321 F.3d at 899 ("Less than one month elapsed from the denial of the appeal to the date [the petitioner] learned of [his counsel's] allegedly fraudulent and ineffective activities."); *Rodriguez-Lariz*, 282 F.3d 1218, 1225 (9th Cir. 2002) (noting that petitioners promptly retained counsel "[o]nce they received notification that their initial motion for reconsideration . . . had been denied").

Singh contends that he should be excused from not obtaining new counsel more promptly because "[h]e is not a sophisticated man," and "[h]e had been in this country barely five years and is so ignorant of the ways of life and his rights under U.S. laws." Although this is a sympathetic situation, it is one in which most immigrants find themselves and we have never held that it excuses a lack of due diligence in definitively learning of the fraud after becoming suspicious of it.

## V.   CONCLUSION

**[11]** We deny the petition for review because the BIA did not abuse its discretion in finding that the motion to reopen was untimely and the petitioner was not entitled to equitable tolling of the filing deadline.

**PETITION DENIED**

---

WALLACE, Circuit Judge, concurring:

I agree with the majority's jurisdictional determination, but write separately concerning the issue of equitable tolling. In denying Singh's motion to reopen, the Board relied on Singh's statement in his brief that he discovered Gupta's ineffective assistance of counsel a few weeks after the Board's March 2003 ruling. In my view, this is a finding by the Board on the discovery issue. Singh does not challenge this finding in his petition for review. Because he failed to make a timely effort to remedy the ineffective assistance after he discovered it, Singh's petition for review must be denied.

The majority takes a different approach, which I question. They state that Singh "admits that he became suspicious of the possibility that Gupta was providing ineffective assistance of counsel when he spoke with his relatives," but that Singh did not "definitively learn" of the ineffective assistance until he retained new counsel in September 2003. Singh's affidavit attached to his brief in support of his motion to reopen does not indicate that he shared his relatives' misgivings about Gupta's performance at the time. The majority must, then, rely on Singh's brief in support of his motion to reopen or his brief on appeal to this court. Both, however, go well beyond suspicion. They stipulate to actual "discovery" of the ineffective assistance a few weeks after the March 2003 ruling. The

majority's statements concerning the discovery issue are unsupported.

In any event, the majority must review the facts as found by the Board. *See Fedunyak v. Gonzales*, 477 F.3d 1126, 1127 (9th Cir. 2007) (reviewing the Board's findings for "substantial evidence"). The Board's reliance on Singh's statement in his brief in support of the motion to reopen meets the test. Accordingly, even if Singh "act[ed] with due diligence in discovering" the ineffective assistance, he does not qualify for equitable relief because he did not raise the issue before the Board within 90 days of the discovery. *See Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003).