Aghasi Khachik TOVMASYAN, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

Aghasi Khachik Tovmasyan, Petitioner,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 05–74718, 05–75928.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007.**

Filed Dec. 20, 2007.

Margarita Mkrtchyan, Glendale, CA, for Petitioner.

* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales as Attorney General of the United States. Fed. R. App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Lee Quinn, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM ***

In these consolidated appeals, Aghasi Khachik Tovmasyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeal's (BIA) denials of his motion to reopen his immigration proceedings (No. 05–74718) and subsequent motion to reconsider (No. 05–75928). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *see Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), we grant the petition for review in No. 05–74718 and remand for further proceedings. We deny the petition for review in No. 05–75928.

■ The BIA did not abuse its discretion when it denied Tovmasyan's motion to reopen based on ineffective assistance of counsel. A motion to reopen must be filed within ninety days of the final administrative decision. *See id.;* 8 U.S.C. § 1229a(c)(7)(C)(i). Although Tovmasyan concluded that "it was clear for me that my attorney had done everything to worsen my situation and did nothing to provide me with adequate representation" in

October or November of 2004, he did not file the motion to reopen until April 8, 2005, five months after he admits he was alerted to ineffective assistance and more than two-and-a-half years after the BIA denied his appeal. The limitations period is tolled until the petitioner "definitively learns" of counsel's ineffectiveness. *See Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir.2007) (quotations omitted). Tovmasyan's statement shows that he "definitively learned" of his counsel's ineffectiveness in October or November of 2004, so his motion to reopen five months later was untimely. The BIA did not abuse its discretion in refusing to apply equitable tolling, as Tovmasyan does not present any facts to indicate that he took immediate action once he suspected his attorney of fraud. *See id.* (equitable tolling requires evidence of prompt actions taken to discover counsel's deficient representation).

■ Tovmasyan's motion to reopen based on changed circumstances is not subject to the ninety-day rule. We conclude that the BIA abused its discretion when it denied Tovmasyan's motion to reopen based on changed circumstances on the ground that he failed to present sufficient evidence to warrant reopening. Because motions to reopen are decided without a factual hearing, credibility findings are not appropriate. *See Ghadessi v. INS*, 797 F.2d 804, 806–07 (9th Cir.1986). Here, the BIA made an adverse credibility finding when it rejected Tovmasyan and Pogosyan's affidavits because the assertions therein lacked adequate "explanation" and "foundation." *See Ordonez v. INS*, 345 F.3d 777, 785–86 (9th Cir.2003) (BIA's finding that respondent had not provided a "reasonable explanation" constituted an

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adverse credibility determination). Tovmasyan's affidavit, particularly when read in conjunction with Pogosyan's supporting and corroborating affidavit based on his conversations with Armenian officials, is not inherently unbelievable. This new evidence, if true, is sufficient to establish prima facie eligibility for asylum, withholding of deportation, and protection under the Convention Against Torture. *See Malty*, 381 F.3d at 947.

We deny the petition in No. 05–75928 because it is moot.

**PETITION FOR REVIEW GRANTED IN NO. 05–74718; REMANDED.**

**PETITION FOR REVIEW IN NO. 05–75928 DENIED AS MOOT.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.