**Kanwarjit SINGH, Petitioner–
Appellant,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent–
Appellee.**

No. 06–75409.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2008.

Filed Jan. 8, 2009.

Vera A. Weisz, Law Office of Vera A.
Weisz, Los Angeles, CA, for Petitioner–
Appellant.

CAC–District Counsel, Esquire, Office
of the District Counsel, Department of
Homeland Security, Los Angeles, CA,
James Arthur Hunolt, Senior Litigation
Counsel, David Schor, Trial, U.S. Depart-
ment of Justice, Civil Division/Office of
Immigration Litigation, Washington, DC,
Ronald E. Lefevre, Office of the District
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, for Respondent–
Appellee.

Before: PREGERSON and N.R.
SMITH, Circuit Judges, and COLLINS *,
District Judge.

* The Honorable Raner C. Collins, United States
District Judge for the District of Arizona, sit-
ting by designation.

MEMORANDUM **

Kanwarjit Singh appeals the Board of
Immigration's ("the Board") decision af-
firming the Immigration Judge's ("the IJ")
decision that denied Mr. Singh's request
for asylum or relief under the Convention
Against Torture ("CAT"). The parties are
familiar with the facts and arguments in
this case and we do not need to recite
them in this memorandum.

The Board's decision that an applicant
has not established eligibility for asylum
"must be upheld if it is supported by rea-
sonable, substantial and probative evidence
from the record." *Kumar v. Gonzales*, 444
F.3d 1043, 1048 (9th Cir.2006). The same
standard is used to review the Board's
decision that an applicant has not met the
higher burden required for withholding of
removal and that an applicant is not eligi-
ble for relief under the CAT. *Id.* We
review due process claims *de novo. Singh
v. Gonzales*, 491 F.3d 1090, 1095 (9th Cir.
2007).

We conclude the Board's determination
that the Petitioner did not have an objec-
tive well-founded fear of future persecu-
tion is supported by substantial evidence in
the record. Because Mr. Singh does not
meet the eligibility requirements for asy-
lum, he does not meet the requirements
for withholding of removal either. *See
Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th
Cir.2003).

Additionally, we conclude the evidence
in the record does not compel a finding
that it is more likely than not that the
Petitioner would be tortured if returned to
India. Thus, he is not entitled to CAT
relief. *See Malhi v. I.N.S.*, 336 F.3d 989,
993 (9th Cir.2003).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

**80**

Finally, we conclude the IJ did not prevent Mr. Singh from having a reasonable opportunity to present evidence. Mr. Singh cannot show prejudice as a result of the early termination of his counsel's closing arguments.

**PETITION DENIED.**