**Maria Magdalena REYES–ESCOBAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76765.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 22, 2009.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., Kristin K. Edison, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Maria Magdalena Reyes–Escobar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Morales Apolinar v. Mukasey*, 514 F.3d 893, 894 (9th Cir.2008), and we deny the petition for review.

The agency acted within its discretion in denying Reyes–Escobar's motion to reconsider, because the motion failed to identify any error of fact or law in the IJ's order denying her motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *see also Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003). The agency applied the correct legal standard when it determined that Reyes–Escobar failed to establish due diligence because her motion did not explain why she waited two years after her last hearing before meeting with current counsel. *See Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir.2007) (equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence") (internal quotation marks and citation omitted).

Reyes–Escobar's contention that the BIA erred in summarily affirming the IJ's order is unpersuasive.

We grant the Attorney General's motion to vacate the court's two prior orders re-garding production of the certified administrative record.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

