**Imelda CUEVAS–AGUILAR, aka Imelda Aguilar–Castillo, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–74416.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

William J. Baker, Esquire, Moreno & Associates, Chula Vista, CA, for Petitioner.

Jeffery R. Leist, Trial, Ernesto H. Molina, Jr., Esquire, Liza Murcia, OIL, U.S. Department of Justice, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Imelda Cuevas–Aguilar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

based on ineffective assistance of counsel, which it construed as a motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005), we deny the petition for review.

The BIA did not abuse its discretion in denying Cuevas–Aguilar's motion because the motion was filed almost three years after the BIA's order dismissing the underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Cuevas–Aguilar failed to establish that she acted with the due diligence required for equitable tolling, *see Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir.2007).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.