**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO ESCAMILLA-REYES, | No. 09-70297 |
| Petitioner, | Agency No. A073-874-753 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Alfonso Escamilla-Reyes, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Escamilla-Reyes' motion to reopen as untimely because the motion was filed more than two years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Escamilla-Reyes failed to establish due diligence during the interval between the alleged ineffective assistance and the filing of the motion to reopen, *see Singh v. Gonzales*, 491 F.3d 1090, 1095-97 (9th Cir. 2007). Escamilla-Reyes' contentions that the BIA failed to apply the proper standard of review to assess whether he established due diligence and that the BIA failed to set forth an adequate rationale for its decision are not supported by the record.

We lack jurisdiction to review Escamilla-Reyes' contention that the BIA should have invoked its sua sponte authority to reopen his proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**