FILED

NOT FOR PUBLICATION

SEP 28 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE HUMBERTO JAUREGUI GUTIERREZ; et al., | Nos. 07-72641 |
| | 07-74329 |
| Petitioners, | |
| | Agency Nos. A075-523-976 |
| v. | A076-715-435 |
| | A076-715-436 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

In these consolidated cases, Jose Humberto Jauregui Gutierrez and his

family, natives and citizens of Peru, petition for review of the Board of

Immigration Appeals' ("BIA") orders denying their motion to reopen based upon

ineffective assistance of counsel and denying their motion to reconsider. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denials of motions to reopen and motions to reconsider, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny the petitions for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because the motion was filed more than four years after the BIA's December 5, 2002, order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to demonstrate that they acted with the due diligence required for equitable tolling, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"); *see also Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007).

The BIA also did not abuse its discretion in denying petitioners' motion to reconsider because petitioners failed to identify any error of fact or law in the BIA's June 1, 2007, order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 n.2 (9th Cir. 2001) (en banc).

Petitioners' contentions that the BIA failed to adequately address their arguments and applied an incorrect legal standard are unsupported by the record.

**PETITIONS FOR REVIEW DENIED.**

07-72641