**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MIGUEL ANTONIO PUENTE-AGUIRRE,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 10-73482<br><br>Agency No. A070-952-249<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 8, 2012[**]

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Miguel Antonio Puente-Aguirre, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The agency did not abuse its discretion in denying Puente-Aguirre's motion to reopen as untimely because the motion was filed almost thirteen years after the agency's final decision. *See* 8 C.F.R. § 1003.23(b)(1). Puente-Aguirre failed to establish the due diligence required for equitable tolling of the filing deadline, *see Singh v. Gonzales,* 491 F.3d 1090, 1096-97 (9th Cir. 2007), and failed to present sufficient evidence of changed circumstances in Peru to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.23(b)(4)(i).

We do not consider Puente-Aguirre's contentions regarding the IJ's violation of his due process rights, or other remaining contentions, because the untimeliness determination is dispositive.

**PETITION FOR REVIEW DENIED.**