**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENCESLAO COLDERON-MONZON, | No. 11-73967 |
| Petitioner, | Agency No. A098-653-782 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Wenceslao Colderon-Monzon, a native and citizen of Guatemala, petitions

pro se for review of a Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and of a BIA's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and we review for abuse of discretion the denial of a motion to reopen, *Singh v. Gonzales*, 491 F.3d 1090, 1095 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the BIA's finding that Colderon-Monzon failed to establish that his family membership was or would be one central reason for the harm he experienced and fears in Guatemala. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). In the absence of a nexus to a protected ground, his withholding of removal claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Substantial evidence also supports the BIA's denial of CAT protection because Colderon-Monzon failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiesce of a public official in Guatemala. *See Santos-Lemus*, 542 F.3d at 748. Accordingly, his CAT claim also fails.

In addition, the BIA did not abuse its discretion in denying Colderon-Monzon's motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.

2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW DENIED.**