MEMORANDUM **
Maynor Avila-Ortiz appeals from the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge’s (IJ’s) denial of his untimely 2007 motion to reopen. Avila-Ortiz obtained voluntary departure relief in 1995 but remained in the United States; he now seeks reopening in order to apply for asylum relief. Avila-Ortiz claims he is entitled to equitable tolling of the time limit governing motions to reopen because he received ineffective assistance of counsel at his removal hearing. The attorney who then represented him, Terrence McGuire, was disbarred in 2006 for egregious misconduct in his representation of immigration clients. In the Matter of Terrence McGuire, No. 05-N-03357 (State Bar Court of California, July 5, 2006). Avila-Ortiz claims McGuire fraudulently orches *629 trated the withdrawal of his asylum application in 1995.
The BIA did not abuse its discretion when it denied Avila-Ortiz the benefit of equitable tolling because Avila-Ortiz failed to show that he acted diligently after learning of his attorney’s misconduct. See Singh v. Gonzales, 491 F.3d 1090, 1096-97 (9th Cir.2007). The declaration attached to Avila-Ortiz’s unadjudicated 1996 motion to reopen shows that he knew in 1996 that McGuire had performed deficiently during his removal proceedings. Avila-Ortiz has offered no explanation for the subsequent 11-year period during which he failed to protect his rights by continuing to pursue relief based on McGuire’s errors. Cf. Ray v. Gonzales, 439 F.3d 582, 590 (9th Cir. 2006) (petitioner provided “proof that he retained legal help in a timely and diligent fashion, repeatedly contacted his attorneys, paid them large sums of money for their services, and received assurances from them that they were handling his case appropriately and diligently”); Albil-lo-De Leon v. Gonzales, 410 F.3d 1090, 1099-1100 (9th Cir.2005) (petitioner showed diligence during a 7-month period when, after hearing nothing from the Immigration Court confirming that his attorney had filed a motion to reopen, he asked the attorney about it and filed a FOIA request).
That Avila-Ortiz may have been waiting for the INS to adjudicate a 1996 motion he thought his new lawyer had properly filed cannot alone explain his delay. Since Avila-Ortiz already knew about McGuire’s deficient performance, it was unreasonable for him to wait 11 years without undertaking any effort to contact his lawyer or the agency or otherwise investigate the status of his claim. See Avagyan v. Holder, 646 F.3d 672, 679 (9th Cir.2011) (question of due diligence depends on when a reasonable person would learn of his attorney’s misconduct and whether the petitioner then took reasonable steps to investigate it or pursue relief). Furthermore, Avila-Ortiz has not shown that his inaction was the result of an inability “to obtain vital information bearing on the existence of [his] claim” through no fault of his own, as might be the case had he been improperly advised by his lawyer or the agency about the status of his 1996 motion. Socop-Gonzalez v. INS, 272 F.3d 1176, 1193 (9th Cir.2001) (en banc).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.