**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL GUARDADO-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71907<br><br>Agency No. A097-361-112<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Victor Manuel Guardado-Rodriguez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen removal proceedings based on ineffective assistance of

counsel and changed circumstances in Mexico. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we deny the petition for review.

The BIA did not abuse its discretion in denying Guardado-Rodriguez's motion to reopen as untimely where the motion was filed five months after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of final order), and Guardado-Rodriguez failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 680-81 (petitioner "[a]pparently . . . took no affirmative steps to investigate" whether prior counsel adequately prepared claim); *Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir 2007) (no evidence in record of any actions taken, after becoming suspicious of the fraud, until meeting with present counsel). Nor did the BIA abuse its discretion in denying Guardado-Rodriguez's motion to reopen as untimely, where Guardado-Rodriguez failed to establish material evidence of changed circumstances in Mexico to qualify for the regulatory exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will

be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

**PETITION FOR REVIEW DENIED.**

11-71907