FILED

JUL 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIKOLAY KRASTEV GECHEV, | No. 11-71719 |
| Petitioner, | Agency No. A072-439-919 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:     ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Nikolay Krastev Gechev, a native and citizen of Bulgaria, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

983, 986 (9th Cir. 2010), and review de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Gechev's untimely motion to reopen because he did not establish changed circumstances in Bulgaria to qualify for the regulatory exception to the time limit. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 988-89, 991 (evidence of conditions similar to those in evidence at prior proceedings was not "qualitatively different"; exception under 8 C.F.R. § 1003.2(c)(3)(ii) is only for changed circumstances arising in country of nationality, not self-induced change in personal circumstances). We reject Gechev's contention that the BIA erred in its consideration of his motion under *Judulang v. Holder*, 132 S.Ct. 476 (2011).

Finally, we reject Gechev's contention that the BIA denied him due process in refusing to reissue its December 18, 2002, order dismissing his appeal. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process challenge to proceedings); *Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007) (petitioner did not show due diligence where he did not consult new attorney until about 5 months after becoming suspicious of prior attorney's fraud).

**PETITION FOR REVIEW DENIED.**

11-71719