
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MARIANO ABUNDEZ MORAN; DOLORES GARCIA PERALTA; GABRIELLE ABUNDEZ HERNANDEZ; SERGIO ABUNDEZ HERNANDEZ; YANELY ABUNDEZ HERNANDEZ, AKA Yanelli Abundez Hernandez,** | No. 10-73484 |
| | Agency Nos.   A075-473-727 |
| | A075-489-386 |
| | A074-352-726 |
| Petitioners, | A074-352-727 |
| | A074-352-728 |
| v. | |
| | **MEMORANDUM**[*] |
| **ERIC H. HOLDER, Jr., Attorney General,** | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2014[**]
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **TROTT** and **CALLAHAN**, Circuit
Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. <u>See</u> Fed. R. App. P. 34(a)(2).

The Board of Immigration Appeals didn't abuse its discretion in affirming the Immigration Judge's denial of petitioners' untimely motion to reopen. See Perez v. Mukasey, 516 F.3d 770, 773 (9th Cir. 2008). Equitable tolling is inappropriate in this case because petitioners didn't exercise due diligence during the six years they waited between the initial denial of their request for cancellation of removal and their motion to reopen. See Iturribarria v. INS, 321 F.3d 889, 897 (9th Cir. 2003). Petitioners claim that they were not aware of counsel's failure to present certain evidence, but they were at the hearing and thus were aware of what evidence the lawyer introduced. Their failure to retain new counsel or otherwise ascertain the status of their appeal demonstrates a lack of diligence. See Singh v. Gonzales, 491 F.3d 1090, 1096–97 (9th Cir. 2007).

Even if they had been diligent, petitioners are unable to demonstrate that their attorneys' failure to introduce evidence of their son's enlarged tonsils prejudiced their case. See Mohammed v. Gonzales, 400 F.3d 785, 793–94 (9th Cir. 2005). The enlarged tonsils don't constitute an "exceptional and extremely unusual hardship," as required for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D).

**DENIED.**