

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMAL M. EL-ABED, AKA Jamal M. Elabed, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73508 <br><br> Agency No. A092-774-881 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2015
Pasadena, California

Before: CHRISTEN and HURWITZ, Circuit Judges, and BURGESS, District Judge.[**]

Jamal El-Abed petitions for review of a Board of Immigration Appeals decision

declining to equitably toll the time limit applicable to his motion to reopen and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Timothy M. Burgess, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

denying the motion as untimely. We find no abuse of discretion, and deny the petition.

**1.** The Immigration Judge's finding that there was reason to believe El-Abed was a trafficker and thus ineligible for adjustment of status under 8 U.S.C. § 1182(a)(2)(C)(i) was supported by substantial evidence. *See Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119-20 (9th Cir. 2000). The BIA therefore properly determined El-Abed had not been prejudiced by any failure by counsel to effectively challenge the trafficker finding on appeal. *See Ortiz v. INS*, 179 F.3d 1148, 1153-54 (9th Cir. 1999).

**2.** El-Abed filed the motion to reopen that is the subject of this petition more than four years after the BIA affirmed the IJ's removal order. It was therefore facially time-barred. *See* 8 U.S.C. §§ 1101(a)(47)(B)(i), 1229a(c)(7)(C)(i).

**3.** El-Abed seeks equitable tolling of the statutory ninety-day deadline, claiming that counsel improperly withdrew the applications for asylum, withholding of removal, and protection under the Convention Against Torture without authorization, and that he thereafter diligently pursued relief. But El-Abed was present when the applications were withdrawn before the IJ and must have "definitively learn[ed] of the harm resulting" from the withdrawal when the removal order became final. *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). El-Abed's declaration does not claim that he discussed the allegedly unauthorized withdrawal

with counsel in the multi-year period between issuance of the removal order and filing of the untimely motion to reopen, nor does it explain his failure to do so. We therefore conclude the BIA did not abuse its discretion in determining El-Abed had not been sufficiently diligent in pursuing relief to justify equitable tolling. *See Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007).

**PETITION DENIED.**