**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVINDER KAUR, | No. 11-71886 |
| Petitioner, | Agency No. A070-916-854 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015[**]
Pasadena, California

Before: GRABER and WATFORD, Circuit Judges, and TUNHEIM,[***] Chief
District Judge.

Davinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen based

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John R. Tunheim, Chief District Judge for the U.S.
District Court for the District of Minnesota, sitting by designation.

on ineffective assistance of counsel and changed circumstances. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen where she filed the motion more than six years after her removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and she failed to establish the due diligence required to warrant equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling is available to a petitioner who is prevented from filing because of deception, fraud, or error; and who exercised due diligence in discovering such circumstances). A reasonable person in Kaur's position would have become suspicious of her attorney's behavior well before six years had expired, yet Kaur offers no evidence that she took any action to investigate her attorney's conduct or the status of her case. *See id.* (beginning the due diligence analysis by asking "if (and when) a reasonable person in petitioner's position would suspect" fraud or error on the part of her attorney); *see also Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007) (contrasting cases in which a petitioner took action quickly after becoming suspicious of the attorney's conduct

with cases in which the petitioner waited months to take action after becoming suspicious).

The BIA also did not abuse its discretion in rejecting Kaur's argument that changed circumstances warrant reopening her case. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (stating that the "time and numerical limitations" on filing motions to reopen "shall not apply to a motion to reopen proceedings . . . [t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"). When considering a motion to reopen claiming changed circumstances, "[t]he critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Kaur has not shown that the BIA abused its discretion when it concluded that, although she has alleged a change in her personal circumstances (i.e., her 2004 marriage to Darshan Singh Sran, a permanent resident who was granted asylum), she has not alleged a change in circumstances in her home country. Her reliance on appeal on language from a different regulation to debate the definition of "changed circumstances," 8

3

C.F.R. § 1208.4(a)(4)(I), also does not compel us to conclude that the BIA abused its considerable discretion.

**PETITION FOR REVIEW DENIED.**