**JIE HU, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**Nos. 13–70897, 13–72082.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.[*]

Filed Nov. 24, 2015.

Jie Hu, Alhambra, CA, pro se.

John Blakeley, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions for review, Jie Hu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") February 14, 2013, order denying his motion to reopen removal proceedings (No. 13–70897), and the BIA's May 14, 2013, order denying his subsequent motion to reconsider or reopen (No. 13–72082). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and reconsider. *Mohammed v. Gonzales,* 400 F.3d 785, 791 (9th Cir.2005). We deny the petitions for review.

Because our review is limited to the administrative record, we do not consider materials referenced in or attached to the opening brief that were not part of the record before the agency. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

In No. 13–70897, Hu concedes the untimely motion to reopen was not supported by required evidence of changed country conditions. Thus, we deny the petition for review as to No. 13–70897. *See* 8 C.F.R. § 1003.2(c)(2).

In No. 13–72082, the BIA construed Hu's filing as both a motion to reconsider and a motion to reopen. We reject Hu's contention that the BIA did not consider the motion to reconsider/reopen. The BIA did not abuse its discretion in denying the motion to reconsider because it did not identify any error of fact or law in the BIA's decision dated February 14, 2013. 8 C.F.R. § 1003.2(b)(1) (motions to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision"). The BIA also did not abuse its discretion in denying Hu's untimely motion to reopen on the ground that he failed to show due diligence for his ineffective assistance of counsel claim. *See Singh v. Gonzales,* 491 F.3d 1090, 1096–97 (9th Cir.2007) (equitable tolling of time limit for motion to reopen unavailable to petitioner who failed to show due diligence after becoming suspicious of deficient representation).

Finally, the order to show cause issued in No. 13–72082 is vacated as issued in error.

Thus, we deny the petition for review in 13–72082.

**PETITIONS FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.