NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 31 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES KIAMA MIGWI, | No.   15-72718 |
| Petitioner, | Agency No. A088-544-277 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2018[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Charles Kiama Migwi, a native and citizen of Kenya, seeks review of the

Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation

proceedings.  We have jurisdiction under 8 U.S.C. § 1252(a)(1).  Reviewing for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000), we deny the petition for review.

The BIA did not abuse its discretion in concluding Migwi's motion was not eligible for equitable tolling because Migwi failed to establish that he acted with due diligence to definitively learn of his former attorney's ineffectiveness. *See Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007) (waiting six months after developing initial suspicions of attorney's fraud before consulting new counsel). Moreover, even if Migwi had acted with due diligence, he did not comply with the *Lozada* requirements; rather, Migwi did not describe the nature and scope of his attorney representation agreement and did not file—or suitably explain why he did not file—a bar complaint against his former attorney. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988); *see also Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (*Lozada* requirements are generally reasonable, and under ordinary circumstances the BIA does not abuse its discretion when it denies reopening where the petitioner fails to meet them.).

The BIA also did not abuse its discretion in concluding that Migwi did not proffer material and previously unavailable evidence supporting changed circumstances in Kenya. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Specifically, the doctor's declaration, family affidavits, and country reports were either not relevant or too vague to be material to Migwi's prima facie case for relief. *See, e.g.*, *Wakkary v.*

2

*Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) (petitioners must show an individualized risk of future persecution or a pattern or practice of persecution against similarly situated persons).

**PETITION DENIED**.