**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OSCAR GUILLERMO NAVARIJO-CARCAMO,

          Petitioner,

v.

PAMELA BONDI, Attorney General,

          Respondent.

No.   17-71664

Agency No. A070-075-816

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2025[**]
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Petitioner Oscar Guillermo Navarijo-Carcamo petitions for review of an

order by the Board of Immigration Appeals ("BIA") denying his motion to reopen

his proceedings for cancellation of removal under the Nicaraguan Adjustment and

Central American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. Reviewing for abuse of discretion, *see Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015), we deny the petition.

The BIA denied Navarijo's motion to reopen as untimely because it was not filed within the 90-day deadline. *See* 8 C.F.R. § 1003.2(c)(2). Navarijo concedes that the motion was not timely filed but argues that he is entitled to equitable tolling due to ineffective assistance of counsel.

"To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . that he demonstrated due diligence in discovering counsel's fraud or error." *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). Navarijo knew that his counsel had failed to submit evidence to the immigration judge, and even if he had believed, as he now suggests, that his attorney "would take care of the mistakes" on appeal to the BIA, that belief would have been dispelled when the BIA issued its decision. The BIA's dismissal of his appeal was enough to give Navarijo reason to suspect his prior counsel's deficient performance. *See Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011); *Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1225 (9th Cir. 2002).

After the BIA dismissed his appeal, Navarijo waited over twenty months before meeting with new counsel. So Navarijo fails to demonstrate that he acted with due diligence in discovering his prior counsel's alleged errors. *See Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007) (finding that a petitioner who

waited five months before consulting with new counsel after becoming suspicious of fraud did not act with due diligence). Thus, he is not entitled to equitable tolling of the filing deadline, and the BIA did not abuse its discretion in denying the motion to reopen.

**PETITION DENIED.**