**HUI HAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72896.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 17, 2006.

Filed Sept. 19, 2006.

Hui Hao, Arcadia, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

na Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Elizabeth J. Stevens, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

## MEMORANDUM *

Hui Hao, a native and citizen of China, petitions for review from the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of his petition for asylum, mandatory withholding of removal, and withholding under the Convention Against Torture ("CAT").

■ First, substantial evidence supports the IJ's adverse credibility determination. In particular, the IJ noted that Hao's testimony was inconsistent with respect to the number of times he was required to report to the police station. This inconsistency goes to the heart of Hao's claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir.2006). Because "only one inconsistency can be sufficient" to support an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001), we are not "compelled to conclude to the contrary," with respect to the credibility determination. 8 U.S.C. § 1252(b)(4)(B). Similarly, because Hao failed to qualify for asylum, he necessarily fails to qualify for withholding of removal as well. *See Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993).

■ Hao's CAT claim turns on whether he will practice Falun Gong on return to China. As the IJ previously found Hao's claim that he had practiced Falun Gong in China incredible, substantial evidence supports a finding that Hao would not practice on his return. Thus Hao is not entitled to CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

■ Finally, we conclude that translation and other alleged due process errors did not affect the outcome of the proceedings. *See Acewicz*, 984 F.2d at 1063.

**PETITION FOR REVIEW DENIED.**

BYBEE, Circuit Judge, dissenting in part.

Although I agree with the majority that Hao does not present a strong case for asylum or for relief under the Convention against Torture (CAT), I write separately because I believe precedent requires that we remand to the BIA for determination of Hao's CAT claim. While we must be "highly deferential" to the Board's findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we cannot defer to a finding that has not been made. Regardless of whether "substantial evidence supports a finding that Hao would not practice [Falun Gong] on his return" to China, the IJ did not so find. He, in fact, made no findings as to whether Hao is currently a Falun Gong petitioner. At the hearing, Hao proffered witnesses to his current practice, but the IJ declined to hear them. He found Hao's current practice had "limited relevance as to what really happened in China" and noted he "had no reason to doubt" that he practices Falun Gong in the United States. In his decision, however, the IJ made no mention of Hao's current or future practice. The government does

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

not dispute that Hao currently engages in Falun Gong, and conceded at oral argument that any question of Hao's future practice and possible persecution upon return to China would require a remand for future factfinding. Here, as in *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001), "the Board conflated the burden of proof for an asylum claim with that for relief under the Convention" and failed to consider "all evidence relevant to the possibility of future torture." *Id.* (internal quotation marks omitted); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1218–19 (9th Cir. 2005) ("Although past torture is ordinarily the principal factor on which we rely when an applicant who has previously been tortured seeks relief under the Convention, we also look to evidence of gross, flagrant, or mass violations of human rights within that nation and to any other relevant information regarding current country conditions . . . ."); *but see Xu Ming Li v. Ashcroft*, 312 F.3d 1094, 1103 (9th Cir.2002). ("Because nearly all of the evidence presented to the IJ went to Xu's past treatment, we will assume that the IJ followed the regulations by considering evidence of past torture to determine the likelihood that she would be tortured if she returned to China."). "[N]owhere in its opinion did the BIA consider the documented country conditions in [China] which corroborate the widespread practice of torture against [Falun Gong practitioners]." *Kamalthas*, 251 F.3d at 1283; *see also Zhang v. Ashcroft*, 388 F.3d 713, 716 (9th Cir.2004) (granting asylum to a Falun Gong practitioner whose family had suffered persecution, and reporting the practitioners were imprisoned, beaten, and fired from government jobs after Falun Gong was banned in July 1999); *Zhou v. Gonzales*, 437 F.3d 860, 868 (9th Cir.2006) (noting that "an

Amnesty International report for 2000 discusses the police detention of tens of thousands of Falun Gong practitioners, many of [whom] are reported to have been tortured or ill-treated in detention. The State Department Country Report on China for 2001 describes the Chinese government's continued crackdown, and states that various sources reported that over 200 Falun Gong practitioners died in detention as a result of torture or mistreatment.") (internal citations omitted). Hao's CAT claim must be remanded for determination whether, upon his return, the Chinese government would likely torture him as a Falun Gong practitioner.

I respectfully dissent with respect to the panel's disposition of Hao's CAT claim.