NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUI HAO, | No. 07-70633 |
| Petitioner, | Agency No. A079-537-383 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2011
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Hui Hao petitions for review from the order of the Board of Immigration

Appeals ("BIA") denying his motion to reopen. We have jurisdiction pursuant to

8 U.S.C. § 1252 and grant the petition.

On May 15, 2006, Hao filed a motion to reopen before the BIA. The

Government does not dispute Hao's declaration that he filed the motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

based on ineffective assistance of counsel within ninety days after conferring with newly appointed counsel.

The BIA denied the motion to reopen on January 17, 2007. It held that Hao failed to exercise due diligence in seeking reopening. It alternatively concluded that he had not shown that ineffective assistance of counsel prejudiced his case.

Seven months later, on August 17, 2007, this court published its decision in *Ghahremani v. Gonzales*, 498 F.3d 993 (9th Cir. 2007). In *Ghahremani*, we held that the petitioner's hiring of new counsel after his appeal was denied by the BIA "illustrates a paradigmatic case of due diligence." *Id.* at 1000. We also concluded that the fact that the petitioner's retained counsel did not provide him with "vital information" regarding his prior counsel's deficiencies "does not undermine Ghahremani's exercise of due diligence." *Id.* In *Iturribarria v. INS*, 321 F.3d 889 (9th Cir. 2003), we held that the ninety-day limitations period for filing a motion to reopen did not begin to run until the petitioner had "met with his new counsel to discuss his file and first became aware of [his prior counsel's] alleged fraud." *Id.* at 899.

Here, the record supports Hao's contention that he acted with due diligence in seeking the advice of counsel within thirty days of the BIA's decision. He has also demonstrated that he filed his motion to reopen within ninety days of being

2

informed by pro bono counsel to present his claim of ineffective assistance of counsel. Accordingly, the BIA abused its discretion in concluding that he was not entitled to equitable tolling.

In denying the motion to reopen, the BIA also stated that Hao was not prejudiced by his trial attorney's alleged ineffective representation. The record shows that the IJ found that Hao's trial counsel had failed "to substantiate" that Hao suffered a cigarette burn. The IJ stated: "[T]he better way in the future is to have properly identified photographs from qualified individuals." Hao's trial counsel's failure to present corroborative physical evidence of torture may have affected the IJ's decision regarding Hao's credibility. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002) ("An adverse credibility determination may be reversed . . . when the applicant has provided corroborating evidence, even if the IJ had some basis for disbelieving the applicant.").

We are persuaded that Hao demonstrated plausible grounds for relief on his motion to reopen. The petition for review is **GRANTED**.

*Hao v. Holder*, No. 07-70633

BYBEE, Circuit Judge, dissenting:

I would hold that the BIA did not abuse its discretion in finding that Hao failed to exercise due diligence in pursuit of his rights and, in the alternative, that Hao has not demonstrated that he was prejudiced by ineffective assistance of counsel. Accordingly, I dissent.

I

As a general matter, a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). This deadline may be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, *as long as the petitioner acts with due diligence in discovering the deception, fraud or error*." *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (emphasis added). Wholly aside from the question of whether Hao's counsel committed a "deception, fraud, or error" sufficient to warrant tolling, I would affirm the BIA's determination that Hao failed to exercise due diligence in discovering any such deficiency.

Here, the BIA affirmed the IJ's denial of Hao's request for asylum (and thereby triggered the start of the limitations period) on May 11, 2004. As the majority observes, he sought advice from a new lawyer, Thomas Tarigo, within thirty days of this decision. Hao claims that he paid Tarigo for legal services but

remains "unaware" if Tarigo actually filed an appeal. Nonetheless, he filed a petition for review with this court pro se on June 10, 2004. We appointed pro bono counsel on December 9, 2005, and Hao filed his motion to reopen on May 15, 2006.

In other words, based on the information available in the record, Hao does not appear to have sought legal advice for the eighteen-month period between June 10, 2004 and December 9, 2005. Nor does he explain why he failed to seek such assistance. This undermines the majority's reliance on *Ghahremani v. Gonzales*, 498 F.3d 993 (9th Cir. 2007). In *Ghahremani*, we found that a petitioner had exercised due diligence after he showed "unbroken efforts to retain competent counsel and file a motion to reopen" by continually hiring new counsel following each adverse decision.[1] *Id.* at 1000. The court emphasized that Ghahremani "demonstrated a steadfast pursuit of his case throughout proceedings before the agency," thereby demonstrating due diligence. *Id.* Here, although Hao was awaiting a decision by our court during the eighteen months in which he was not represented by counsel, nothing in the record shows that Hao made any effort to

_____

[1] Ghahremani retained different counsel for his oral hearing before the IJ, for his appeal before the BIA, after the BIA's dismissal of a motion to reconsider, and for his petition for review before this court. *Ghahremani*, 498 F.3d at 996. There was no delay between each decision and Ghahremani's subsequent consultation with new counsel.

2

procure new counsel or file a motion to reopen. Such inaction supports the BIA's determination that Hao did not act with due diligence. *See Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007) (finding that a petitioner did not exercise due diligence because of a six-month delay between his suspicion of ineffective assistance and his consultation with new counsel). At a minimum, the eighteen-month gap in time during which Hao did not appear to have sought additional legal advice renders the BIA's decision far from an abuse of discretion.

## II

Even if the majority is correct and Hao is entitled to equitable tolling, I would nonetheless affirm the BIA's alternative finding that he failed to show sufficient prejudice to be entitled to relief. An alien is entitled to relief for ineffective assistance of counsel "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005) (citation omitted). To show this, Hao "must demonstrate first that counsel failed to perform with sufficient competence, and, second, that [he] was prejudiced by counsel's performance." *Id.* It is enough to show that "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." *Id.* at 793–94 (quoting *Ortiz v. INS*, 170 F.3d 1148, 1153 (9th Cir. 1999)).

3

Hao alleges three primary deficiencies in his representation by Walter Burrier: (1) Burrier's failure to correct translation problems during Hao's hearing before the IJ, (2) Burrier's failure to adequately prepare Hao for his hearing, and (3) Burrier's failure to properly document a cigarette burn on Hao's leg. The majority (correctly) does not suggest that either of the first two deficiencies prejudiced Hao's proceedings.[2]

The majority instead suggests that Hao's counsel's failure to present properly authenticated corroborative physical evidence of torture (in the form of cigarette burns) unfairly impacted his proceeding.[3] It is true that "[a]n adverse credibility determination may be reversed . . . when the applicant has provided corroborating evidence, even if the IJ had some basis for disbelieving the applicant." *Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir. 2002). Here, however, the IJ issued a comprehensive oral decision and order, indicating that it was the large number of inconsistencies between Hao's statement and testimony, and not any lack of physical corroboration, that supported his adverse credibility

---

[2] We already addressed any potential translation issues when we denied Hao's earlier petition for review. *See Hao v. Gonzales*, 202 Fed. Appx. 212, 213 (9th Cir. 2006).

[3] It is worth noting that even before this court, represented by new counsel, Hao has not presented any further evidence of this cigarette burn, making it difficult to determine how such evidence might have affected the proceedings below.

determination. Among other things, the IJ flagged inconsistencies between Hao's stories regarding the receipt of certain documents, inconsistencies between Hao's description of when and how he and his father practiced Falun Gong, varying accounts concerning the length and nature of Hao's detention by Chinese officials, and the implausibility of Hao's explanation of how he arrived in the United States.

Neither Hao nor the majority explains how evidence of cigarette burns (possibly) suffered because of torture would have balanced out the deleterious effects of these inconsistencies. It cannot be the case that a petitioner can succeed on an ineffective assistance claim in *every case* where an attorney fails to submit corroborative physical evidence and the IJ makes an adverse credibility determination. Accordingly, I would hold that the BIA did not abuse its discretion in finding that, were Hao entitled to equitable tolling, his petition should nonetheless be denied because he failed to show prejudice.

I respectfully dissent.