**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIELA OLVERA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-74297 Agency No. A095-301-373 MEMORANDUM* |
| JOSE MARIANO OLVERA-SEGOVIANO, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-74298 Agency No. A095-301-372 |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted March 22, 2011**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

Jose Olvera-Segoviano and his former wife, Gabriela Olvera, natives and citizens of Mexico, petition for review of final decisions issued by the Board of Immigration Appeals (BIA) denying their motions to reopen removal proceedings. The BIA determined the motions were not timely filed, the Olveras were not entitled to equitable tolling, and their circumstances did not warrant sua sponte reopening. We agree the motions were neither timely filed nor subject to equitable tolling. We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen. Accordingly, we deny the petitions in part and dismiss in part.

A motion to reopen must generally be filed within 90 days of the final administrative order of removal. *Ghahremani v. Gonzales*, 498 F.3d 993, 999 (9th Cir. 2007) (citing 8 U.S.C. § 1229a(c)(7)(C)(I)). The motions here were not timely because they were filed nearly four years after the BIA's initial decision. Although a showing of ineffective assistance of counsel may permit late filing, *see Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir. 2007), the Olveras' claims of ineffective representation had already been rejected by the BIA on direct appeal and again on denial of reconsideration. We also rejected their ineffective assistance of counsel claims and concluded the Olveras "failed to identify any error of fact or law in the

-2-

BIA's prior decision." *Olvera-Segoviano v. Keisler*, 248 Fed.Appx 844 (2007 WL 2818457) (9th Cir. 2007).

To the extent the Olveras now assert that a non-attorney who assisted them initially and the attorney who aided them in filing their pro se appeal and motion for reconsideration were also ineffective, we agree with the BIA that the Olveras were not diligent in raising those claims. *See Singh*, 491 F.3d at 1096 (noting equitable tolling requires the petitioner act with "due diligence"); *see also Hernandez v. Mukasey*, 524 F.3d 1014, 1015-16 (9th Cir. 2008) (holding that "knowing reliance upon the advice of a non-attorney cannot support a claim for ineffective assistance of counsel in a removal proceeding").

The Olveras also contend they are entitled to reopening based on their newly acquired eligibility for relief. But, as the BIA noted, such new circumstances do not provide a basis for equitable tolling of the time period for filing a motion to reopen. The BIA does have the authority in such instances, however, to grant reopening sua sponte. *See Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir. 2011) (citing 8 C.F.R. § 1003.2(a)). Nonetheless, we lack "jurisdiction to review the Board's decision not to invoke its sua sponte authority to reopen" a removal proceeding. *Id.*

**PETITIONS FOR REVIEW DENIED** in part; **DISMISSED** in part.