**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ELIZABETH MILLER, a.k.a. Elizabeth Alidi,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-70581<br><br>Agency No. A078-101-261<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Elizabeth Miller, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her motion to reopen based on ineffective

assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, *Singh v. Gonzales*, 491 F.3d 1090, 1095 (9th Cir. 2007), and we deny the petition for review.

The agency acted within its discretion in denying as untimely Miller's motion to reopen because it was filed more than six years after the final removal order, *see* 8 C.F.R. § 1003.23(b)(1), and Miller did not show that she acted with the due diligence required for equitable tolling of the filing deadline, *see Singh*, 491 F.3d at 1096-97. We do not consider Miller's contentions regarding ineffective assistance of counsel because the untimeliness determination is dispositive.

In her opening brief, Miller fails to address, and therefore has waived any challenge to, the agency's determination that she failed to establish changed circumstances in Nigeria to qualify for the regulatory exception to the time limit for filing motions to reopen. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Miller's remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED.**