**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO RODRIGUEZ-SANCHEZ, aka Luis Roberto Rodriguez, | No. 07-71014 |
| Petitioner, | Agency No. A071-824-198 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2011[**]
Pasadena, California

Before: RYMER, CALLAHAN, and IKUTA, Circuit Judges.

Roberto Rodriguez-Sanchez ("Rodriguez") petitions for review of a decision

of the Board of Immigration Appeals ("BIA"), which denied his petition because

he failed to meet the April 26, 2005, filing deadline for a special motion to reopen

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 C.F.R. § 1003.44.[1]  Rodriguez raises two grounds for error: one explicitly,

the other implicitly.  First, Rodriguez argues that the April 26, 2005, deadline set

by statute for special motions to reopen under the Supreme Court's opinion in *INS*

*v. St. Cyr*, 533 U.S. 289 (2001), should not apply because the deadline violates "the

spirit of *St. Cyr.*"  Second, Rodriguez implicitly argues that he is entitled to

equitable tolling of the deadline.  For the reasons set forth here, as well as in our

opinion in *Tapia-Luna v. Holder*, 08-71086, which is filed simultaneously with this

memorandum disposition, we deny the petition.

There is no dispute that Rodriguez missed the April 26, 2005 filing deadline

for special motions to reopen by fifteen months.  Instead, Rodriguez contends that,

while he was competently represented by counsel in his removal proceedings in

1996 and 1997, he had no reason to seek the advice of counsel subsequent to his

deportation.  Because his deportation occurred before the Supreme Court decided

*St. Cyr*, Rodriguez asserts that he did not independently learn of the *St. Cyr*

decision and the subsequent regulation setting forth the procedures and deadlines

until after the April 26, 2005, deadline for filing motions to reopen had passed.  He

contends that the April 26, 2005, deadline for filing special motions to reopen set

---

[1]  The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

forth in § 1003.44(h) undermines the "spirit of *St. Cyr*" because the BIA failed to consider the human implications of individuals subject to pre-*St. Cyr* rulings.

"This court reviews BIA denials of motions to reopen for abuse of discretion." *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (internal quotations omitted).

As we set forth in our opinion in *Tapia-Luna*, we conclude that § 1003.44 is a constitutionally and procedurally sound regulation and that the April 26, 2005, deadline for filing special motions to reopen provides due process in the form of a remedy to those aliens that were denied § 212(c) relief to which they were entitled under *St. Cyr*. The deadline does not violate the "spirit of *St. Cyr*," but rather is part of the regulatory scheme that effectuates *St. Cyr*.

To the extent that Rodriguez is implicitly arguing that the April 26, 2005, deadline for filing special motions to reopen should be equitably tolled, his argument also fails. Equitable tolling may apply "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria*, 321 F.3d at 897; *see also Singh v. Gonzales*, 491 F.3d 1090 (9th Cir. 2007) (to warrant

3

equitable tolling of a filing deadline, the petitioner must show that he has acted with due diligence).

Rodriguez admits that he was competently represented by counsel throughout his deportation hearings, and acknowledges that he did not contact his attorney after his deportation. He makes no suggestion that there was fraud, deception, or error that could justify the grant of equitable tolling.

Because we find that the April 26, 2005, deadline for filing special motions to reopen does not violate the "spirit of *St. Cyr*," and because we find that Rodriguez has provided no basis for equitable tolling of that deadline, the petition for review of the BIA's denial of his motion to reopen is

**DENIED.**