**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA MACIEL CHAVEZ, | No. 09-71480 |
| Petitioner, | Agency No. A075-502-646 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Martha Maciel Chavez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C.

§ 1252. We review de novo questions of law and for abuse of discretion the denial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of a motion to reopen. *Ghahremani v. Gonzales*, 498 F.3d 993, 997-99 (9th Cir. 2007). We grant the petition for review.

The BIA concluded that Chavez failed to demonstrate the due diligence required for equitable tolling, because she should have discovered the ineffective assistance of her former attorney, James Valinoti, when she received the BIA's June 2, 2003, order dismissing her appeal as untimely filed. Chavez's affidavit, however, alleges that she asked Valinoti to explain the BIA's order because she does not speak English, that Valinoti did not inform her of the reason for the dismissal, and that he stated that he would file an appeal at the Ninth Circuit and that she would have to wait "a very long time."

The BIA is under "an affirmative obligation to accept as true the facts stated in [Chavez's] affidavit in ruling upon [her] motion to reopen unless it finds those facts to be inherently unbelievable." *Ghahremani*, 498 F.3d at 999 (quotation omitted). It made no such finding here. Accordingly, the BIA's determination was an abuse of discretion. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1225 (9th Cir. 2002) (due diligence established where petitioners were taken advantage of by an unscrupulous immigration consultant who lied about his own defaults); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA abuses its discretion if its decision is "arbitrary, irrational, or contrary to law").

09-71480

The government contends that regardless of whether Chavez demonstrated due diligence, her motion was not timely as of the date that she "definitively learn[ed]," *Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir. 2007), of Valinoti's fraud. The BIA did not consider the date that Chavez definitively learned of Valinoti's fraud, and it appears to be a matter of contention between the parties. Accordingly, we remand for the BIA to consider this issue in the first instance. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

On remand the BIA should reconsider whether to treat the motion as a motion to reopen, rather than a motion to reconsider, in light of our holding in *Irigoyen-Briones v. Holder*, 644 F.3d 943, 949 (9th Cir. 2011), that the 30 day deadline in 8 C.F.R. § 1003.38 is not jurisdictional. *See Iturribarria v. INS*, 321 F.3d 889, 895-897(9th Cir. 2003) (motions based on ineffective assistance of counsel most properly treated as motions to reopen).

**PETITION FOR REVIEW GRANTED; REMANDED.**