**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEJUN KONG,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　Respondent. | Nos.　12-71351<br>　　　　　14-71359<br><br>Agency No. A089-982-658<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:　　GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

　　　Dejun Kong, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture, ("CAT") (petition No.

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.　*See* Fed. R. App. P. 34(a)(2).

12-71351), and of the BIA's subsequent denial of his motion to reopen removal proceedings (petition No. 14-71359). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We dismiss in part and deny in part the petition for review in No. 12-71351, and we deny the petition for review in No. 14-71359.

As to petition No. 12-71351, we lack jurisdiction to consider Kong's contentions concerning interpretation issues and the IJ's leading questions because he failed to exhaust these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

The agency found Kong not credible based in part on inconsistencies between Kong's testimony and application statement concerning the year he was allegedly laid off and the reasons the layoffs occurred. Substantial evidence supports the agency's adverse credibility finding based on these inconsistencies.

*See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). In the absence of credible testimony, Kong's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Kong's CAT claim fails because it is based on the same testimony the agency found not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See id*. at 1156-57.

As to petition No. 14-71359, the BIA did not abuse its discretion in denying Kong's motion to reopen where it was filed nearly two years after the BIA's final decision, *see* 8 C.F.R. 1003.2(c)(2), and Kong failed to establish the due diligence required for equitable tolling of the filing deadline, *see Singh v. Gonzales*, 491 F.3d 1090, 1096-97 (9th Cir. 2007) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error,

as long as petitioner exercises due diligence in discovering such circumstances.)

Thus, we deny the petition for review in No. 14-71359.

**No. 12-71351: PETITION FOR REVIEW DISMISSED in part, DENIED part;**

**No. 14-71359: PETITION FOR REVIEW DENIED**.