**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BHUPENDRA KESHAVLAL AMIN, AKA Amin Bhupendra Keshavlal, AKA Amin Bobender Keshavlal, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No.  14-71003 Agency No. A070-935-011 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Bhupendra Keshavlal Amin, a native and citizen of India, seeks review of

the Board of Immigration Appeals' ("BIA") decision denying his untimely second

motion to reopen.   We have jurisdiction under 8 U.S.C. § 1252.   We review for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence findings of fact regarding counsel's performance. *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Amin's second motion to reopen as untimely because the motion was filed more than ninety days after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and the BIA reasonably determined that he failed to establish changed circumstances in India to qualify for an exception to the time limitations for a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi v. Holder*, 597 F.3d 983, 989-90 (9th Cir. 2010).

The BIA also did not abuse its discretion in denying Amin's motion to reopen because he failed to demonstrate ineffective assistance of counsel so as to warrant equitable tolling of the time and numerical limitations on his motion to reopen. *See Singh v. Gonzales*, 491 F.3d 1090, 1095-96 (9th Cir. 2007). We reject Amin's contention that the BIA violated his due process rights. *See Lata v.*

14-71003

*INA*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We decline Amin's request to remand to the BIA for administrative closure in light of *Matter of Avetisyan,* 25 I. & N. Dec. 688 (BIA 2012), or for prosecutorial discretion, because he did not request these before the agency. We deny as moot Amin's request for voluntary departure.

**PETITION FOR REVIEW DENIED.**