**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORBERTO COLON-LORENZO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | Nos. 13-71513 <br> 13-72035 <br><br> Agency No. A070-155-078 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2016
Pasadena, California

Before: KOZINSKI and BYBEE, Circuit Judges, and WALTER, Senior District
Judge.[**]

**1.** Colon-Lorenzo contends that the BIA erred in denying as untimely his

motion to reconsider its 1993 dismissal and to reopen proceedings. But the BIA did

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald E. Walter, Senior United States District Judge
for the Western District of Louisiana, sitting by designation.

not err. Citing *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011), the BIA correctly found that Colon-Lorenzo's assertions were insufficient to establish due diligence.

Colon-Lorenzo was ordered deported on February 18, 1993. After his attorney failed to timely appeal, Colon-Lorenzo filed an untimely *pro se* notice of appeal, which was dismissed on November 18, 1993. The BIA's dismissal was sent directly to Colon-Lorenzo. From then until 2013, despite having all pertinent information at his disposal, he made no reasonable efforts to pursue relief. *See Avagyan*, 646 F.3d at 680 (stating that petitioner first had reason to suspect counsels' deficient performance when the BIA denied her appeal). Nearly two decades later, on February 8, 2013, Colon-Lorenzo requested that the BIA reconsider its dismissal and reopen the proceedings.

The motion was clearly untimely, unless subject to equitable tolling. "[A] petitioner is entitled to equitable tolling of the deadline 'during periods when a petitioner is prevented from filing because of a deception, fraud, or error, as long as petitioner acts with due diligence in discovering the deception, fraud or error.'" *Avagyan*, 646 F.3d at 679 (quoting *Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003)). This court has found that a lack of due diligence foreclosed a petitioner's entitlement to equitable tolling where the petitioner became suspicious of fraud a

"few weeks" after entry of a removal order and yet failed to take any action for six months. *Singh v. Gonzales*, 491 F.3d 1090, 1096 (9th Cir. 2007). We explained that said "inaction contrast[ed] sharply with cases in which we have concluded that the petitioner acted with due diligence." *Id.* (collecting cases). Colon-Lorenzo's inaction, for nearly twenty years, during which time he also chose to illegally re-enter the United States, likewise forecloses the application of equitable tolling. The BIA's decision was therefore not "arbitrary, irrational, or contrary to law." *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (citation omitted).

**2.** Regardless of our decision above, Colon-Lorenzo is also subject to the DHS's proper reinstatement of his February 18, 1993 deportation order. Pursuant to 8 U.S.C. § 1231(a)(5), "the prior order of removal is reinstated . . . and is not subject to being reopened or reviewed, the alien is not eligible . . . for any relief under this chapter, and the alien shall be removed . . . at any time after the reentry." The record supports the DHS's findings that Colon-Lorenzo (1) is an alien, subject to a previous order of deportation entered on February 18, 1993; (2) was removed, pursuant thereto, on January 31, 1998; and (3) illegally reentered the United States on or about February 1, 1998. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008) (citing *Morales–Izquierdo v. Gonzales*, 486

3

F.3d 484, 495 (9th Cir. 2007) (en banc)). These findings are conclusive. 8 U.S.C. § 1252(b)(4)(B).

**DENIED.**