**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARINA V. BUTENKO,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    16-72299

Agency No. A076-865-734

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 7, 2018
Seattle, Washington

Before:  THOMAS, Chief Judge, and McKEOWN and CHRISTEN, Circuit
Judges.

Petitioner Marina Butenko, a citizen of Kyrgyzstan, petitions for review of

the Board of Immigration Appeals' ("BIA") decision affirming an immigration

judge's denial of her motion to reopen her removal proceedings.  We have

jurisdiction pursuant to 8 U.S.C. § 1252(b)(2), and we deny the petition for review.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Because the parties are familiar with the facts and the procedural history, we need not recount it here. We review the BIA's determination that Butenko received sufficient notice de novo. *Singh v. Gonzalez*, 491 F.3d 1090, 1095 (9th Cir. 2007). We review the BIA's decision to deny Butenko's motion to reopen based on exceptional circumstances for abuse of discretion. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (internal citation omitted). We may grant a petition for review of the BIA's denial if it was "arbitrary, irrational, or contrary to law." *Id*. (internal citation omitted). We review the BIA's decision to deny Butenko's motion to reopen based on changed country conditions for abuse of discretion. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014).

I

The BIA did not err in concluding that an order granting the motion to reopen was not warranted due to a lack of notice for the prior *in absentia* removal proceeding. Due process is satisfied if notice was "reasonably calculated" to reach Butenko. *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam). Actual notice is not required. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997), *as amended* (Oct. 6, 1997). The Immigration and Nationality Act provides for service by mail to the alien's counsel of record. 8 U.S.C. § 1229(a)(2)(A). "It is a longstanding principle that in 'our system of representative litigation . . . each party

is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'" *Garcia*, 222 F.3d at 1209 (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 634 (1962)).

Service to Butenko's attorney satisfied due process. Butenko's declaration indicates that she traveled to the Ukraine in June of 2010, and that the abuse that prevented her from returning did not manifest until she began to prepare for her family's return trip at the conclusion of their eighteen-day planned stay. Butenko did not inform her attorney of her travel plans, her declaration does not indicate that she was prohibited from contacting her attorney before or after the abuse began, and Butenko last made contact with her attorney at a master calendar hearing on March 16, 2010, nearly two months before her departure. Under these circumstances, service to Butenko's attorney not only complied with the statute, but was "reasonably calculated" to reach Butenko based on the information available to the immigration judge at the time.

II

The BIA did not abuse its discretion in concluding that granting the motion to reopen was not warranted due to exceptional circumstances. A motion to reopen based on exceptional circumstances must be "filed within 180 days after the date of the order of removal." 8 C.F.R. § 1003.23(b)(4)(ii). Equitable tolling of the 180-

day deadline is available to a petitioner removed *in absentia* where the petitioner demonstrates that "despite all due diligence," and because of circumstances beyond the petitioner's control, the petitioner was "unable to obtain vital information bearing on the existence of the claim." *Singh v. Gonzales*, 491 F.3d at 1096 (internal citation omitted).

In this case, viewing the tolling claim in the light most favorable to the petitioner, Butenko returned to the United States approximately thirteen months before she filed her motion to reopen. On appeal to the BIA, Butenko explained that she required "several months to settle in and sort out the work and living accommodations for herself and her minor children, and to start recovering from the battery and extreme cruelty she had been subjected to[.]" For purposes of this motion, we credit Burenko's description of her abusive situation. Under these circumstances, however, the BIA did not abuse its discretion in concluding that she did not demonstrate due diligence, nor demonstrate that circumstances beyond her control affected her ability to file the motion timely after her return to United States. Thus, her motion was time-barred and not saved by the application of equitable tolling.

III

The BIA did not abuse its discretion in concluding that reopening was not warranted based on changed country conditions, given that Butenko's proffered evidence did not demonstrate that the country conditions were "qualitatively different" from previously-presented evidence. *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004)).

Butenko also claims that the country conditions have changed as to inter-ethnic violence. However, that claim was not exhausted before the agency. Failure to raise an issue to the BIA deprives us of jurisdiction to consider the issue. *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**