**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SALEM HABIB MATAR,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70522

Agency No. A070-818-836

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2020[**]

Before:  HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioner Salem Habib Matar ("Matar") seeks review of the Board of

Immigration Appeals' ("BIA") order denying his motion to reopen, which alleged

ineffective assistance of counsel and changed country conditions in Lebanon.  We

deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Matar's untimely motion to reopen, which was filed fifteen years after the final order in his case. Although Matar contends he is entitled to equitable tolling based on ineffective assistance of counsel, he has failed to show he exercised due diligence in discovering his counsel's alleged shortcomings. *Compare Ghahremani v. Gonzales*, 498 F.3d 993, 1000 & n.7 (9th Cir. 2007) (holding that a petitioner acted with due diligence where he "demonstrated a steadfast pursuit of his case" despite his "complete ignorance" of his original lawyer's errors), *with Singh v. Gonzales*, 491 F.3d 1090, 1096–97 (9th Cir. 2007) (holding that a petitioner had not acted with due diligence where he took no action for six months "to definitively learn of [his lawyer's] fraud after he became suspicious of the fraud"). In addition, the BIA did not abuse its discretion in finding that Matar had not established prejudice from his counsel's alleged ineffectiveness. Matar failed to demonstrate plausible grounds for relief on his underlying claims and does not point to any error in the immigration judge's original decision, which found him not credible and statutorily ineligible for asylum. *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003).

Matar also sought to reopen under the exception for changed circumstances in the country of nationality. 8 C.F.R. § 1003.2(c)(3)(ii). Matar has a heavy burden and must demonstrate that "circumstances have changed sufficiently that a petitioner who

2

previously did not have a legitimate claim" now does, *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004), and that his predicament is "appreciably different from the dangers faced by [his] fellow citizens." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (internal quotation marks omitted). The BIA did not abuse its discretion in holding that the current conditions evidence submitted with Matar's motion to reopen is not qualitatively different from the previous evidence and does not show an individualized risk of persecution, especially after being out of the country for over two decades. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION DENIED**.