NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELVIN NISCHAL KUMAR,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   19-71221<br><br>Agency No. A042-690-087<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

Elvin Kumar, a citizen of Fiji, seeks review of a Board of Immigration

Appeals (BIA) decision denying Kumar's motion to reopen immigration

---

      * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      *** The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

proceedings after his 2009 removal. We review for abuse of discretion and will grant relief only if the BIA's decision was arbitrary, irrational, or contrary to law. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and dismiss in part.

1.     Kumar's motion to reopen was untimely. *See* 8 C.F.R. § 1003.23(b)(1). The BIA found that Kumar failed to show due diligence to warrant equitable tolling with respect to his ineffective assistance of counsel claims because he failed to take any action for thirteen years. This was not an abuse of discretion. *See Avagyan v. Holder*, 646 F.3d 672, 680–81 (9th Cir. 2011) (affirming finding of lack of due diligence when petitioner "took no affirmative steps to investigate whether [her attorneys] adequately prepared her asylum claim" after it was denied).

Kumar's claim that, as a layperson, he was unaware of his counsel's deficient performance does not "excuse[] a lack of due diligence." *Singh v. Gonzales*, 491 F.3d 1090, 1097 (9th Cir. 2007). Nor has Kumar shown error in the BIA's determination that any ineffective assistance of counsel did not prejudice Kumar in his removal proceedings, so that it would not provide a basis to excuse Kumar filing a motion to reopen well out of time.

The BIA did not fail to consider Kumar's change in law argument in rejecting equitable tolling. At a minimum, the BIA implicitly rejected this argument, *see Lona v. Barr*, 958 F.3d 1225, 1231 (9th Cir. 2020), by expressly recognizing this argument

2

later in its decision, while still concluding that the motion to reopen was untimely and that Kumar failed to establish due diligence.

The BIA did not abuse its discretion in rejecting equitable tolling on this ground either. Kumar's change in law claim is based on *Descamps v. United States*, 570 U.S. 254 (2013), *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), and *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *aff'd sub nom. Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). But Kumar did not move to reopen until 2018. Even if equitable tolling applied during the entire period of the allegedly ineffective representation, Kumar failed to provide the BIA even basic details to support his diligence, such as when he learned of former counsel's ineffectiveness, when his family met with counsel, and who they consulted. Thus, the BIA could reasonably conclude that Kumar failed to allege sufficient facts to establish due diligence in the three years between relieving prior counsel and seeking reopening.

2. Kumar fails to identify a cognizable legal error in the BIA's decision to deny sua sponte reopening. Accordingly, we lack jurisdiction to review the denial of sua sponte reopening and dismiss this portion of Kumar's appeal. *See Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir. 2014).

3. Although Kumar claims that his Notice to Appear was defective and therefore divested the immigration court of jurisdiction, he has not explained how this justifies reopening in light of the BIA's broader finding that his motion to reopen

3

was untimely, and he is not entitled to equitable tolling.

**PETITION DENIED IN PART AND DISMISSED IN PART.**